[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence May 7, 1993 Date of Application May 9, 1993 Date Application Filed May 21, 1993 Date of Decision November 22, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain, at Hartford.
Docket Number CR92-424585
Jeffrey D. Hutcoe, Esq., Defense Counsel, for Petitioner.
Carl Taylor, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
By the Division:
The petitioner, who was 21 years of age at the time of sentencing was convicted following a trial by jury of Robbery, 1st degree in violation of § 52a-134 (a)(4) and Larceny, 2nd degree in violation of § 53a-123 (a)(2).
He was sentenced to a term of 20 years on the robbery charge and a concurrent 5 year term on the larceny, for an effective sentence of 20 years. That sentence was imposed to run concurrently with a sentence he was then serving. That latter sentence was also a 20 year sentence which had been imposed in another court between the date of the jury verdict and his sentencing in the case under review.
The factual basis for the conviction is a car-jacking as follows: On May 4, 1992 at approximately 3:40 P.M., the victim, a motorist, stopped to offer the petitioner, a pedestrian, a ride under the mistaken belief that he knew the pedestrian. Once in the car the petitioner pulled out a handgun and threatened to shoot the victim. He did, in fact, shoot the passenger window out. The victim stopped the car and fled on foot with the petitioner in pursuit also on foot. The petitioner gave up the chase and drove off in the victim's car. The vehicle was recovered about 2 weeks later.
Defense counsel claims that the maximum 20 year sentence was excessive in view of the petitioner's difficult childhood (a product of several foster home placements) and he claims there is no history of violent behavior. While the petitioner chose not to address the Division he has maintained his innocence and told the probation officer he is the victim of a mistaken identity.
The petitioner admits to being a substance abuser, and has described himself as impulsive and violent. He has alienated himself from his family by his criminal activity and has exhibited anti-social behavior from an early age.
He has prior convictions for Using a Motor Vehicle Without Permission, Possession of Narcotics and Risk of Injury to a Minor (for which he was sentenced in 1989 to 8 years, suspended after 3 years. (On April 5, 1993 he was sentenced to 4 years for violation of probation in that sentence). CT Page 12475
Perhaps more significantly he had recently been sentenced to a 20 year term for a similar car-jacking type of offense which also involved an assault, 1st degree conviction in addition to the robbery, 1st degree.
The petitioner appears to have graduated into a dangerous predatory criminal deserving of long isolation for the public interest.
Practice Book § 942 sets forth the standards for the Review Division. Applying those criteria to the sentence under review we find it is neither disproportionate nor inappropriate. It is affirmed.
Klaczak, Norko and Stanley, J.s, participated in this decision.